IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRIAN CHAS DOTSON, PRO SE, <br> TDCJ-CID No. 1706285, <br> Previous TDCJ-CID No. 1366111, <br><br> Plaintiff, <br><br> v. <br><br> J. BEACH, Assist. Warden; <br> G. CLOWER, Captain; and T. BECK, CO V, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> §    2:14-CV-0141 <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff BRIAN CHAS DOTSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains he was sexually harassed, retaliated against, and assaulted by defendant BECK on March 1, 2013. Plaintiff further complains defendant Assistant Warden BEACH intercepted an I-60 plaintiff sent to the Office of Inspector General and "conducted an inspection as O.I.G." Plaintiff complains defendant Captain GLOWER allowed plaintiff's placement in pre-hearing detention for longer than 72 hours before plaintiff's disciplinary hearing because there wasn't a disciplinary hearings officer.

Plaintiff requests that the defendants be "prosecute[d] . . . for their deliberate indifferences . . ." and that they be "assess[ed] monetary fees for such acts done to [plaintiff]."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff's requested relief that charges be filed against the defendants requests relief which cannot be granted. Plaintiff cannot obtain criminal charges against a defendant through this lawsuit. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (a private citizen does not have judicially cognizable interest in the prosecution or non-prosecution of

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

another person). Since plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to even raise such a claim. *Id.* at 619. This claim for relief lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

There remains plaintiff's request that defendants be fined, which the Court construes to be a request for an award of monetary relief.

Plaintiff's specific allegations against defendant BECK are that, on March 1, 2013, defendant Officer BECK and plaintiff got into an argument when BECK said, "Hey, Dotson, Mr. Little woman assaulter/abuser." Plaintiff says he responded, "Yeah, that's what the word is, but you'd of had to been there to know the truth." and BECK replied, "If it were me I'd get/have your ass!" Plaintiff says this constituted sexual harassment. It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff claims defendant BECK assaulted him by pushing plaintiff in the back after plaintiff had turned his back on the officer, ignoring an order to get out of the door. Plaintiff says he was pushed into the middle of his cell and the officer shut the cell door. Plaintiff claims this constituted an assault. To the extent plaintiff seeks to vindicate a tort claim of assault, the federal courts do not normally have jurisdiction over this cause of action and the Court declines to exercise pendent jurisdiction in this case.

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and

sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601–02 (5th Cir.1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

Plaintiff's own allegations show defendant BECK was making sure all the cell doors were being closed after inmates returned from chow and plaintiff was delaying the closure of his own cell door. Defendant BECK clearly utilized the amount of force which was reasonable to restore discipline and order at that time, and nothing in plaintiff's allegations supports a claim that the shove or push occurred for the sole purpose of causing him harm.

In addition, accepting plaintiff's allegations as true, plaintiff has not stated facts which will support a section 1983 claim as he does not allege he suffered any injury at all. *Eason v. Holt*, 73 F.3d 600, 601–02 (5th Cir.1996). Plaintiff's claim of excessive force lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff further alleges, "In conclusion he retaliated on me for the alleged assualt [sic] I did to his co-worker, that resulted in him verbally sexually harrassing [sic] me, and too assualting [sic] me in what motives I can't call." To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132

F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

Plaintiff identifies an attack on another prison guard as the basis for Officer BECK's alleged intent to retaliate against plaintiff. The federal Constitution does not support any right of plaintiff to attack a prison guard. Plaintiff's retaliation claim cannot be based upon such a right. Plaintiff's claim of retaliation for an earlier attack he may have committed on another guard lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff alleges defendant Assistant Warden BEACH intercepted an I-60 plaintiff had

mailed to the Office of Inspector General and "conducted an inspection as O.I.G." The Court construes this as a claim that prison regulations were not followed when defendant BEACH decided to perform the investigation, instead of expecting the Office of Inspector General to do so. Plaintiff alleges defendant Captain CLOWER allowed his placement in pre-hearing detention for longer than 72 hours before plaintiff's disciplinary hearing because there wasn't a disciplinary hearing officer. This appears to be a claim that CLOWER violated regulations requiring a hearing to be conducted within 72 hours whenever possible. The mere allegation that prison policies were not followed does not state a claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met).

Further, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff's claims against both defendant BEACH and defendant CLOWER are without an arguable basis in law and in fact, and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff BRIAN CHAS DOTSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

The Court declines to exercise pendant jurisdiction of any state law claims asserted, if any; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____20th_____ day of June, 2014.

MARY LOU ROBINSON
United States District Judge